Succrs. of Esmoris & Co., Petitioner, v. Court of Tax Appeals of Puerto Rico, Respondent.

No. 1401. Argued June 23, 1943.—Decided July 8, 1943.

J. J. Ortiz Alibrán for petitioner. M. Rodríguez Ramos, Acting Attorney General, and M. Velázquez Flores, Deputy Attorney General, for respondent.

Mr. Justice Travieso delivered the opinion of the court.

This is one of 18 petitions for certiorari filed by a similar number of taxpayers against the decisions entered by the Court of Tax Appeals on June 29, 1942.

In each one of these cases (Nos. 1401, 1404, 1409, 1414, 1415, 1416, 1418, 1422, 1423, 1426, 1427, 1429, 1432, 1433, 1434, 1441, 1477, and 1478) the Attorney General of Puerto Rico has moved for the dismissal of the case on the ground that this court lacks jurisdiction of the same because the petition for certiorari was filed after the period allowed by law therefor.

The statute creating the Court of Tax Appeals, Act No. 172 of May 13, 1941 (Laws of 1941, p. 1038), in its pertinent part, provides:

"Section 5. . . . These decisions shall be final; but the aggrieved party may, within thirty (30) days *after the decision has been rendered, appeal* therefrom to the Supreme Court of Puerto Rico, through a writ of certiorari for a revision of the poceedings." (Italics ours.)

The decision herein was dated June 29, 1942, and was registered by the secretary of the court and notified to the

taxpayer on July 3, 1942. The petition for certiorari was filed in the office of the secretary of this court on July 30, 1942.

The Attorney General contends that the period of thirty days in which to file a petition in this court which is fixed by §5, *supra,* must be computed from the date of the signature of that decision, that is from June 29, 1942, and that therefore the petition filed on July 30, 1942, was filed too late. The petitioner argues, on the other hand, that the period must be calculated from the date on which the taxpayer was notified of the decision of the court or at least from the date on which the decision was registered by the secretary.

The period to appeal from an adverse judgment cannot and ought not to begin to run from an uncertain date or from a date of which it cannot be presumed the appellant had knowledge. It would not be just to impute to the taxpayer-appellant knowledge of the date on which the members of the court filed the decision, since that is a fact of which the writers of the decision have knowledge, but not the losing party, since nobody knows or could know of the decision until he is notified thereof or until it is entered in a public registry.

Rule 43 of the Rules of Procedure approved by the Court of Tax Appeals on October 27, 1941, requires that "when each case is decided by the court, the decision will be registered by the secretary upon notification to the parties." It is therefore evident that, in accordance with the said rule, the judgment cannot be considered as delivered by the court until the same has been registered by the secretary upon notification to the parties. See *González* v. *Court of Tax Appeals,* 60 P.R.R. 877, and *Casanovas & Co.* v. *Court of Tax Appeals,* 61 P.R.R. 52. For the aforesaid reasons, we hold that the 18 petitions were filed within the period allowed and that the motion to dismiss does not lie.

The parties having stipulated that if the motion to dismiss the 18 cases did not lie, the cases should be returned to the lower court, since they involve the same question decided in *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460, all the cases will be returned to the Court of Tax Appeals for further proceedings not inconsistent with the result in the *Ballester* case.

Mr. Chief Justice Del Toro and Mr. Justice Snyder did not participate herein.